WILLS, Admr v KONVISSER

Ohio Appeals, 8th Dist, Cuyahoga Co
No 10565.  Decided June 9, 1930

Alexander H. Martin, Cleveland, for Wills.
Ben P. Rabb, Cleveland, for Konvisser.

**VICKERY, PJ.**

Now an examination of this record will show, I think, that there was no evidence to prove that this building was being used at that time for the storage of any combustible material, nor is there any proof to indicate how the fire originated. It is true there is some evidence by a patrolman that some time before, a complaint had been made, two or three years perhaps; that rubbish had been allowed to collect; but whether the fire originated from an accumulation of rubbish or whether it was of an incendiary origin, the record does not show.

It is claimed that, because there was a wanton and willful violation of the ordinance and law in respect to such buildings, the case is upon a different basis than a pure negligence case. After one analyses the whole question so far as the liability of the defendant to the plaintiff in error is concerned, it could only be on the ground of negligence. If the owner wantonly and willfully disobeyed the law and violated the criminal statute, he might be liable criminally; but if he were liable civilly, it would be only on the ground of negligence.

Now this record does not show that there was any gasoline or any other combustible material used at that time or had been used for a long time prior thereto and the so-called wanton and willful violation had nothing whatever to do with the fire. The record shows that there was just one automobile in the garage and that was there while its owner, a preacher, I believe, was overhauling it. He had taken out the motor and had taken it apart, and whether it had gasoline or not does not appear; and even if the building had not been constructed in such a manner that it might be used by tenants over a place that contained combustible material, but if it had ceased to be used for that purpose and there was no combustible material there, that violation in the beginning could not be the basis for the lawsuit.

Now other than those allegations in the petition, there is nothing in this record to show that there was any negligence whatever upon the part of the owner of these premises. There is nothing in the record to show but what the floors were concrete; that the ceiling was of the proper thickness because allegations in the petition do not take the place of evidence. It was the duty of the plaintiff below to have proved these allegations and then to show that there was the combustible or explosive materials stored or used underneath the dwelling part of the property. That a lamentable accident took place, that these two persons lost their lives is horror enough, no doubt, but in the best of constructed buildings fires do occur either of incendiary origin or otherwise, and persons lose their lives in fires. That has been so ever since man inhabited dwelling houses or buildings and probably will be, so long as man continues to occupy dwelling houses or buildings.

Before the plaintiff would be entitled to recover in this action there must be some connection proven between the so-called violation of the law and the accident which caused the death of the parties. The mere allegations in the petition will not suffice. Now an examination of this record, as already stated, will show, if it shows anything, that there was no combustible material; that there was no accumulation of rubbish from which a fire might have originated, for the evidence upon that question related to over three years before, and it is a pretty farfetched argument to say that the same condition continued for long years thereafter. There is nothing in this record to show how this fire originated. That the parties died from the fire is of course admitted, or is proven, and the Coroner's

report of this fire was only admitted for the purpose of showing the death of these parties, and it was properly admitted for that purpose and properly excluded for any other purpose, because one cannot prove the fact which is essential to be proven by the report of a coroner. The Coroner could have been the witness and the parties who testified before him could have been called as witnesses, but what the Coroner might have put in a report would not be admissable to prove any affirmative fact; and so far as the death is concerned it was not necessary to admit it for that purpose, because it was conceded that these two persons lost their lives by fire in that building.

So after analyzing the whole record and giving careful consideration to the argument of learned counsel, we can come to no other conclusion but that there is not anything in this record to show that the plaintiffs were guilty of such negligence, or any negligence that proximately caused the death of these two persons. There is nothing in this record to show but what it was of incendiary origin, and arose from such accidental means over which the defendant below had no control, and so we cannot say that the court was wrong in directing a verdict at the close of the plaintiffs testimony. We do not think that there is a scintilla of evidence bearing upon the negligence of the defendant which would give the plaintiff below a right to recover. That being so, the court below committed no error and the judgment will be affirmed.

Sullivan and Levine, JJ, concur.